UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEROD JOHNSON,
     Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, CHRYSLER CAPITAL, and
SYNCHRONY BANK,

     Defendants.

_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, SHEROD JOSHNSON, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY HANSZ**, and for his Complaint against the Defendants, plead as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

### VENUE

3. The transactions and occurrences which give rise to this action occurred in the city of Southfield,  Oakland county, Michigan.

4. Venue is proper in the Eastern District of Michigan, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in the city of Southfield, Oakland county, Michigan.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC. ("Equifax") is a foreign limited liability company that conducts business in the State of Michigan;

   b. Chrysler Capital ("Chrysler") is a foreign corporation that conducts business in the State of Michigan; and

   c. Synchrony Bank ("SYNCB") is a foreign financial services company doing business in the State of Michigan

## GENERAL ALLEGATIONS

7. Chrysler and SYNCB are inaccurately reporting their tradelines ("Errant Tradelines") with an erroneous scheduled monthly payment amount on Plaintiff's Equifax credit disclosure.

8. Chrysler is inaccurately reporting a scheduled monthly payment amount of $618 on an account opened June 2017.

9. SYNCB is inaccurately reporting a scheduled monthly payment amount of $190 on an account opened April 2021 and a scheduled monthly payment of $215 on an account opened April 2019.

10. The accounts reflected by the Errant Tradelines are closed by Chrysler and SYNCB. Plaintiff no longer has an obligation to make monthly payments to Chrysler and SYNCB. Defendants closed the accounts. Hence, the entire balance is due presently as Plaintiff has neither the right nor the obligation to satisfy these debts in monthly installments.

11. The Errant Tradelines should be reported by Chrysler and SYNCB with a monthly payment of $0.00.  Per credit reporting industry standards and the Credit Reporting Resource Guide, which is the credit reporting manual created by the Consumer Data Industry Association, furnishers are not to report a monthly payment on a closed account.  The current reporting is false and misleading.

12. On May 22, 2023, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradelines reporting with an erroneous scheduled monthly payment amount.

13. On or about June 14, 2023, Plaintiff submitted a letter to Equifax  disputing the Errant Tradelines.

14. In his dispute letter, Plaintiff explained that the accounts reflected by the Errant Tradelines are closed.  Plaintiff no longer has an obligation to

make monthly payments to Chrysler and SYNCB. He asked Equifax to report the Errant Tradelines with the scheduled monthly payment amount as $0.00.

15. Equifax received the dispute letter in July 26, 2023, and forwarded Plaintiff's consumer dispute to Chrysler and SYNCB

16. Chrysler and SYNCB received Plaintiff's consumer dispute from Equifax.

17. On September 14, 2023, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and Chrysler and SYNCB failed or refused to report the scheduled monthly payment amounts as $0.00.

18. The Errant Tradelines are false and misleading to any user of the Plaintiff's credit reports who would consider extending credit to the Plaintiff. The Errant Tradelines create a false impression to potential credit grantors that Plaintiff continues to have a monthly obligation on a debt when, in fact there is no such monthly obligation. This causes the Plaintiff damage by reducing the Plaintiff's opportunities for credit, jobs, and employment.

19. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, along with loss of sleep, headaches, and panic attacks due to Defendants' failure to correct the errors in his credit file or

improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

20. Defendants' actions and omissions have caused Plaintiff to lose time attempting to correct the false information on Plaintiff's consumer report.

21. The time spent by a person attempting to correct a false credit report constitutes a concrete injury for purposes of an FCRA claim. Pinson v. JPMorgan Chase Bank, Nat'l Ass'n, No. 16-17107, 2019 U.S. App. LEXIS 33662, at *5 (11th Cir. Nov. 12, 2019), citing Pedro v. Equifax, Inc., 868 F.3d 1275, 1280 (11th Cir. 2017).

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHRYSLER CAPITAL

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment, Chrysler negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

24. Chrysler negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to report the Errant Tradelines with a scheduled monthly payment amount of $0.00.

25. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradelines.

26. As a direct and proximate cause of Chrysler's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, stress, loss of sleep, headaches, and panic attacks.

27. Chrysler is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

28. Plaintiff has a private right of action to assert claims against Chrysler arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Chrysler for damages, costs, interest, and  attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHRYSLER CAPITAL

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Chrysler willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

31. Chrysler willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

32. As a direct and proximate cause of Chrysler's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, stress, loss of sleep, panic attacks, and headaches.

33. Chrysler One is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Chrysler for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT III</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35.  After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment, SYNCB negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

36. SYNCB negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax to report the Errant Tradelines with a scheduled monthly payment amount of $0.00.

37. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradelines.

38. As a direct and proximate cause of SYNCB's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. SYNCB is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

40. Plaintiff has a private right of action to assert claims against SYNCB arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant SYNCB for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, SYNCB willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

43. SYNCB willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

44. As a direct and proximate cause of SYNCB's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, stress, loss of sleep, panic attacks, and headaches.

45. SYNCB is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant SYNCB for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

48. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

49. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

50. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

54. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

55. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

56. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, stress, loss of sleep, panic attacks and headaches.

58. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

DATED: September 19, 2023     Respectfully submitted,

<u>/s/ *Gary Hansz*</u>
CARL SCHWARTZ (P70335)
GARY HANSZ (P44956)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
39111 Six Mile Road, Suite 142,
Livonia, MI 48152
(248) 353-2882
Fax (248) 353-4840
Email: gary.hansz@crlam.com